IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JAMES KEENEY,**

    **Plaintiff,**

v.                                                   Case NO. 3:12-cv-01922

**CABELL COUNTY PROSECUTING
ATTORNEY'S OFFICE; WESTERN REGIONAL
JAIL AUTHORITY; MIKE CLARK, Administrator,
Western Regional Jail; CABELL COUNTY
SHERIFF'S DEPARTMENT,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On June 7, 2012, Plaintiff James Keeney ("Plaintiff"), proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983, (ECF No. 2), and an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having conducted an initial review of the complaint, the undersigned **FINDS** that Plaintiff is clearly not entitled to the relief sought. Accordingly, the undersigned respectfully **RECOMMENDS** that the District Court **DISMISS** the complaint, without prejudice, and remove this matter from the docket of the Court.

## I.     Plaintiff's Claims

Plaintiff, a pretrial detainee at the Western Regional Jail in Barboursville, West Virginia, alleges that he was arrested on February 26, 2012 and was brought before a magistrate the following day. (ECF No. 2 at 4). At that time, a preliminary hearing was set for March 5, 2012. However, when he appeared for the hearing, he was told that he had been indicted. (*Id.*). The hearing was cancelled despite the fact that Plaintiff had not waived his right to a preliminary hearing, and it had already been scheduled. (*Id.* at 4-5). According to Plaintiff, West Virginia law prohibits Defendants from indicting him "if a preliminary hearing date is set." (*Id.* at 5). Plaintiff complains that the Defendants have violated his Fourth Amendment right to be free from unlawful seizure and his right to due process of law. He requests that he be released from custody and that Defendants be found "in violation of malicious prosecution."

Although Plaintiff has filed this complaint under 42 U.S.C. § 1983, his action is properly construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Here, Plaintiff challenges his confinement and the validity of the indictment against him. Claims pertaining to the fact or duration of confinement are generally not cognizable under § 1983.[2] *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439

---

[1] This Court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

[2] The undersigned notes that Plaintiff seeks a finding of "malicious prosecution;" however, he requests no monetary damages and fails to state a factual basis to support such an action. Regardless, a Fourth Amendment claim for unlawful seizure under § 1983 is premature at this stage given that the charges have not been terminated in Plaintiff's favor. *See Brooks v. City of Winston-Salem,* 85 F.3d 178 (4th Cir. 1996).

(1973). Instead, a pretrial detainee must file a petition for a writ of habeas corpus under § 2241 to dispute the legitimacy of his incarceration and to seek immediate release. *Preiser,* 411 U.S. at 484-85; *United States v. Tootle,* 65 F.3d 381, 383 (4th Cir. 1995).

## II. <u>Analysis</u>

Pretrial habeas relief is only available to a petitioner who has exhausted his state court remedies, *Preiser,* 411 U.S. at 477, and shown the existence of special circumstances to justify federal intervention. *See Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (in the absence of extraordinary circumstances, a federal court should not intervene in an ongoing state criminal proceeding and should allow the state courts the first opportunity to address any constitutional challenges). In *Cinema Blue of Charlotte, Inc. v. Gilchrist,* the United States Court of Appeals for the Fourth Circuit explained:

> *Younger* held that federal courts may not enjoin a pending state criminal prosecution, absent a clear showing that "defense of the ... prosecution will not assure adequate vindication of constitutional rights." *Id.* at 48-49, 91 S.Ct. at 753 (quoting *Dombrowski v. Pfister,* 380 U.S. 479, 485, 85 S.Ct. 1116, 1120, 14 L.Ed.2d 22 (1965)). What lies behind *Younger,* of course, is a broader rule of comity: namely, that federal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, "whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Authority v. Midkiff,* 467 U.S. 229, 237-38, 104 S.Ct. 2321, 2328, 81 L.Ed.2d 186 (1984).

*Cinema Blue of Charlotte, Inc.,* 887 F.2d 49, 52 (4th Cir. 1989). According to the Fourth Circuit, abstention under *Younger* is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state

proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations,* 38 F.3d 1392, 1396 (4th Cir.1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)).

In the present case, all three prongs of the *Martin Marietta* test are met; thereby, favoring abstention. First, Plaintiff alleges that he was arrested and is currently being held on charges contained in an indictment. Accordingly, there are ongoing state proceedings.[3] The second prong of the test is met inasmuch as the State of West Virginia has an important interest in maintaining the efficient operation of its criminal justice system without undue federal interference. *Nivens v. Gilchrist*, 319 F.3d 151, 154 (4th Cir. 2003). Finally, Plaintiff provides no factual basis upon which to conclude that he will be prevented from raising his constitutional challenges in the state criminal proceeding; particularly, when "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam v. Foster,* 75 F.3d at 881, 904 (4th Cir. 1996) (quoting *Kugler v. Helfant,* 421 U.S. 117, 124, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975)). Thus, Plaintiff fails to demonstrate exceptional circumstances that would justify this court's intrusion into his ongoing state criminal prosecution.[4]

---

[3] According to the West Virginia Regional Jail and Correctional Facility Authority inmate locator, Plaintiff remains in custody at the Western Regional Jail as a pretrial felon.

[4] Indeed, Plaintiff's constitutional claim is questionable. While the United States Constitution guarantees Plaintiff the right to a finding of probable cause by a neutral magistrate or grand jury to support his ongoing incarceration, he is not necessarily entitled to a preliminary hearing. Rule 5(c) of the West Virginia Rules of Criminal Procedure makes clear that a pretrial detainee should receive a preliminary hearing no later than ten days after the initial appearance, but "the preliminary hearing shall not be held if the defendant is indicted or if an information against the defendant is filed in circuit court before the date set for the preliminary examination." Based upon the allegations in Plaintiff's complaint, the latter circumstance appears to have occurred in his case.

### III. **Proposal and Recommendations**

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Plaintiff's Complaint (ECF No. 2) be **DISMISSED**, without prejudice;

2. Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be **DENIED** (ECF No. 2); and

3. This case be removed from the Court's docket.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff, the Defendants, and any counsel of record.

**FILED:** August 31, 2012.

_____
Cheryl A. Eifert
United States Magistrate Judge